UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-60236-BLOOM

DAVID F. DAMERAU,

    Appellant,

v.

FPH PROPERTIES, LLC,

    Appellee.
_____/

In re:                                        Bankr. Case No. 12-33800-JKO

DAVID F. DAMERAU,

    Debtor.
_____/

## ORDER ON MOTION FOR LEAVE TO APPEAL

**THIS CAUSE** is before the Court upon Appellant, Debtor David F. Damerau's ("Debtor") Motion for Leave to Appeal, ECF No. [1] (the "Motion for Leave"). The Court has reviewed the Motion for Leave, all supporting and opposing submissions, and the record in this case. For the reasons set forth below, the Motion for Leave is **DENIED**.

### I. BACKGROUND

Debtor filed the Motion for Leave on February 4, 2015 in his underlying Chapter 7 bankruptcy proceeding, *In re Damerau*, Bankr. Case No. 12-33800 (the "Bankruptcy Case"), before the Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). *See* Mtn; Bankr. ECF No. [378]. Concurrent with the Motion for Leave, Debtor filed a Notice of Appeal before the Bankruptcy Court. *See* ECF No. [2-2] Bankr. ECF No. [382]. The Clerk transmitted the Motion for Leave and Notice of Appeal to this Court on February 5, 2014.

1

Appellee FPH Properties, LLC ("FPH" or "Appellee") filed its response to the Motion for Leave on February 16, 2015. ECF No. [6]. Through the Motion for Leave, Debtor seeks leave, pursuant to 28 U.S.C. § 158(a)(3) and in compliance with Fed. R. Bankr. P. 8003 and 8004, to appeal an interlocutory order entered by the Bankruptcy Court on January 23, 2015 (ECF No. [2-2] at 4; Bankr. ECF No. [371], the "Order") denying Debtor's motion for an accounting, Bankr. ECF No. [352] (the "Motion for Accounting").

Debtor's Motion for Accounting arose in the context of the Bankruptcy Court's previous disposition of an adversary proceeding related to the Debtor's Bankruptcy Case, *FPH Properties, Inc. v. Damerau*, Adv. Case No. 13-01246 (the "Adversary Proceeding"). FPH originally obtained summary judgment from the Bankruptcy Court in the Adversary Proceeding denying Debtor's claim of a homestead on certain real property (the "1241 Property") that was the subject of a prior state court judgment for FPH and against Debtor for fraud. Adv. ECF No. [29]. Debtor appealed that decision. Adv. ECF No. [34]. The District Court, *Damerau v. FPH Properties, Inc.*, Case No. 13-62262, ECF No. [22] (the "District Court Order"), reversed the Bankruptcy Court based on its misplaced reliance on the *Rooker-Feldman* doctrine to require that it follow the previous state court decision, erroneous interpretation of that state court decision to have determined that the 1241 Property was property of FPH, and consequent implication that the state court decision collaterally estopped Debtor from re-litigating the issue of property ownership before the Bankruptcy Court. However, the Bankruptcy Court's judgment was not stayed pending appeal due to Debtor's failure to post a court-ordered bond. *See* Adv. ECF Nos. [54] (granting stay pending appeal dependent on posting $250,000 bond), [80] (vacating stay for failure to post bond). The 1241 Property was sold in proceedings resulting from the judgment before the appeal concluded. Mtn. at 2; Resp. at 1.

The District Court did not resolve the ultimate merits of the Adversary Proceeding –

2

whether FPH could ultimately prevail on its attempt to either execute against the 1241 Property or impose an equitable lien or constructive trust on the 1241 Property, or by contrast whether Debtor could claim the 1241 Property as his homestead.  District Court Order at 12.  Rather, it remanded the issue to the Bankruptcy Court.  *Id*. at 13.  Cross motions for summary judgment remain pending in the Adversary Proceeding.

Following the appeal, Debtor filed his Motion for Accounting in the Bankruptcy Case seeking an accounting of the proceeds from the sale of the 1241 Property.  Debtor maintained that the property was sold for significantly less than market value.  Mtn. Acct'g at 3.  Debtor also sought (in the alternative) to compel FPH to post a bond equal to the originally claimed value of the property (that is, the amount set by the state court below).  *Id*. at 3, 6.

As part of its response to the Motion for Accounting, FPH provided an accounting.  Bankr. ECF No. [365-1].  At a hearing held on January 15, 2015 before the Bankruptcy Court on the Motion for Accounting, counsel for Debtor agreed on the record that the accounting provided by FPH was sufficient to satisfy the Motion for Accounting.  *See* 1/15/15 Hr'g Audio Rec. ("as to the accounting, we already have that . . . if [FPH's counsel] stands behind [the accounting] I really can't object to it").

On January 23, 2015, the Bankruptcy Court entered its Order denying the Motion for Accounting.  The Bankruptcy Court explained that "Debtor's request for an accounting would have been granted but for the fact that Creditor FPH Properties, LLC has already provided an accounting in response to Debtor's request, which accounting Debtor's counsel agreed was acceptable, rendering the request moot."  Order ¶ 2.  The Bankruptcy Court further denied Debtor's request that FPH post a bond "due to Debtor's failure to provide a statute or rule authorizing this Court to grant the relief requested."  *Id*. ¶ 3.

Debtor filed the instant Motion for Leave seeking leave to appeal the Order (which

3

Debtor admits is interlocutory). The Motion for Leave is ripe for review.

## II.  DISCUSSION

This Court has jurisdiction to hear appeals of interlocutory orders and decrees issued by bankruptcy judges in cases and proceedings referred under 28 U.S.C. § 157. *See* 28 U.S.C. § 158(a)(3). Appeal from non-final orders of a bankruptcy court may be taken only with leave of the district court. *See* 28 U.S.C. § 158(a)(3) ("jurisdiction to hear appeals . . . with leave of the court, from other interlocutory order and decrees"); *Tobkin v. Calderin*, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012) ("district courts have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees"); *In re Fillard Apartments, Ltd.*, 104 B.R. 480, 480-81 (S.D. Fla. 1989) ("Interlocutory appeals, however, may only be taken to the district court with the leave of the district court.").

Interlocutory review is generally disfavored for its piecemeal effect on cases. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) ("[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive and, consequently, are generally disfavored.") (quotation omitted). "However, a district court may grant interlocutory review of a bankruptcy order if the subject issue (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation." *In re Pac. Forest Products Corp.*, 335 B.R. 910, 919 (S.D. Fla. 2005) (noting that this "three-part standard is analogous to that set forth in 28 U.S.C. § 1292(b), which governs appeals from the district court to the circuit court of appeals"); *see also In re Celotex Corp.*, 187 B.R. 746, 749 (M.D. Fla. 1995) ("In determining when to exercise this discretionary authority, a district court will look to the standards which govern interlocutory appeals from the district court to the court of appeals pursuant to 28 U.S.C. § 1292(b).") (citing *In re Charter Co.,* 778 F.2d 617, 620 (11th Cir. 1985)). "Leave must be

denied if the party seeking leave to appeal fails to establish any one of the three elements." *Figueroa v. Wells Fargo Bank N.A.*, 382 B.R. 814, 824 (S.D. Fla. 2007).

### A. The Motion for Accounting Does Not Involve a Controlling Question of Law

Debtor's Motion for Leave fails to identify a controlling question of law with respect to his Motion for Accounting.

"To satisfy this portion of the standard, the movant must demonstrate that there is a question of *law*, and it is *controlling*." *Pac. Forest*, 335 B.R. at 919 (citing *Ahrenholz v. Bd. of Tr. of the Univ. of IL*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original)." An issue meets this exacting standard if it "deals with a question of 'pure' law, or matters that can be decided 'quickly and cleanly without having to study the record.'" *Id*. at 919-20 (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258, 1260-62 (11th Cir. 2004) (finding that because the issues presented involved application of the facts to the law, the movant could not prove a "controlling question of law"); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003); *Tucker v. Fearn*, 333 F.3d 1216, 1218 (11th Cir. 2003)).

As to FPH's provision of an accounting, the Bankruptcy Court denied the Motion for Accounting on the explicit grounds that Debtor's counsel had agreed that the accounting provided to the Debtor by FPH was acceptable. Thus, the Bankruptcy Court did not make a legal determination as to the sufficiency of the accounting, but determined that the Motion for Accounting was moot based on Debtor's own representations. Generally, an act taken by an attorney within the scope of his engagement is binding on the client. *Black v. Sec'y, DOC*, 2011 WL 4424452, at *28 (M.D. Fla. Sept. 22, 2011) ("The acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes.") (quoting *Randall v. State*, 938 So. 2d 542, 544 (Fla. 1st DCA 2006) (per curiam)); *In re Banderas*, 236 B.R. 841, 846 (Bankr. M.D. Fla. 1999) (citing *McArthur v. State*,

5

303 So. 2d 359 (Fla. 3rd DCA 1974) (act of attorney binding on client even when done without consulting with client and even if act taken was done against client's wishes)). There simply is no legal question at issue with respect to the accounting itself.

Debtor has also failed to identify any material question of law regarding his attempt to require FPH to post a bond at this stage of the proceedings below. Debtor highlights the principle that a prevailing appellant has the right to recover what was lost by enforcement of the judgment reversed on appeal. *See*, *e.g.*, *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) ("An appellant's rights to property on deposit in the court registry are not abolished merely because the court has entered judgment and disbursed the property.") (citing *Baltimore & O.R. Co. v. United States,* 279 U.S. 781, 786 (1929) (recognizing the "well established" principle that one has a "right to recover what one has lost by the enforcement of a judgment subsequently reversed"); *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006) ("Should the judgment be reversed on appeal, a district court may, on motion or *sua sponte*, order the judgment creditor to restore the benefits obtained."). However, that principle does not require the judgment creditor – here, FPH – to post a bond or otherwise secure the judgment debtor – here, Debtor – where the judgment has been reversed on appeal but remanded to the lower court for final adjudication. In fact, Debtor's requested relief reverses the normal sequence and purpose of posting a bond when a judgment is on appeal.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *United States v. U.S. Fishing Vessel Maylin*, 130 F.R.D. 684, 686 (S.D. Fla. 1990) (quoting *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)). "A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal [while the bond also] secures the prevailing

party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Rowell v. Metro. Life Ins. Co.*, 2014 WL 4185768, at *2 (N.D. Ga. Aug. 22, 2014) (quoting *Poplar Grove*, 600 F.2d at 1191). Debtor was granted a stay of the Bankruptcy Court's judgment in the Adversary Proceeding pending review by the District Court. But Debtor failed to post the required bond. Debtor decided not to secure FPH against potential losses from being stayed from executing on the Bankruptcy Court's summary judgment. Thus, FPH properly executed on the judgment and disposed of the 1241 Property. Debtor now finds himself in all likelihood unable to obtain restitution in the form of unwinding that sale and regaining possession of the 1241 Property. But he could have prevented this outcome by posting the required bond.

In any event, the Adversary Proceeding has not yet concluded. FPH may ultimately be required to restore Debtor to his position prior to its execution on the Bankruptcy Court's judgment and subsequent sale of the 1241 Property. But the District Court remanded the proceeding to the Bankruptcy Court. Either party may prevail on the central issues regarding ownership and status of the 1241 Property. Regardless, however, Debtor has not pointed the Court to any authority or legal principle requiring a judgment creditor, who property executed on that judgment, to secure the judgment debtor, who successfully appealed the judgment but failed to preserve its position by posting a bond to stay the judgment, while the issue on appeal is under consideration of the lower court on remand.

Because there is no controlling question of law at issue, appeal of the Bankruptcy Court's interlocutory Order on the Motion for Accounting is inappropriate.

### B.     Neither of the Remaining Elements For Interlocutory Review Are Present

Debtor's Motion for Leave also fails to establish the other two elements required to gain leave to appeal an interlocutory order.

7

To establish "substantial ground for difference of opinion" as to an issue of law, "a movant must normally demonstrate that at least two courts interpret the relevant legal principle differently." *Pac. Forest*, 335 B.R. at 922 (citing *In re Auto Dealer Servs., Inc.*, 81 B.R. 94, 97 (M.D. Fla. 1987)). Debtor has failed to do so here.

Finally, Debtor has failed to show that "an immediate appeal would advance the ultimate termination of the litigation." Rather, the relief Debtor requests in the Motion for Accounting would not have any impact on the proceedings below. FPH has already executed on the original Bankruptcy Court judgment and sold the 1241 Property. The substantive issues are before the Bankruptcy Court on remand. If the Debtor is successful, he will be entitled to restitution with respect to the executed judgment. FPH being compelled to post a bond to secure that possible outcome, even if proper, would not change the course of the litigation below.

### III. CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that

1. Debtor's Motion for Leave to Appeal, ECF No. [1], is **DENIED**.
2. The Clerk is directed to transmit notice of this Order to the Bankruptcy Court in accordance with all relevant rules and procedures.
3. The Clerk is directed to **CLOSE** this case in accordance with all relevant rules and procedures.

**DONE** and **ORDERED** in Chambers at Ft. Lauderdale, Florida, this 23rd day of February, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

8

cc: counsel of record